## Campbell, Appellant, *v.* Philadelphia.

*Road law—Change of grade—Damages—Leasehold—Evidence.*

1. In an action by a tenant to recover damages for injury to his leasehold resulting from the change of grade of a city street, a nonsuit is properly entered where the plaintiff produces no competent testimony to prove any difference in value of the leasehold before and after the change of grade.

2. In such a case witnesses are not qualified to testify, whose only knowledge on the subject was obtained by an examination of the reports of road juries, and the awards made to tenants of other properties in the vicinity, and whose opinions are based wholly or in part on their knowledge of these awards.

3. Proof of the cost of the tenant's fixtures are clearly inadmissible on the question of damages.

Argued Jan. 9, 1911. Appeal, No. 291, Jan. T., 1910, by plaintiff, from judgment of nonsuit of C. P. No. 4, Philadelphia Co., Dec. T., 1884, No. 219, in case of John Campbell v. Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages resulting from change of grade. Before AUDENDRIED, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Joseph W. Shannon,* for appellant.

*William Gray Knowles,* assistant city solicitor, with him *Henry Johns Gibbons,* assistant city solicitor, and *James Alcorn,* city solicitor, for appellee.

PER CURIAM, February 27, 1911:

This appeal is from a judgment of nonsuit entered in an action brought by a tenant to recover damages for the injury to his leasehold by the change of grade of a city street. A nonsuit was entered because of the failure to prove any damages, and the assignments of error relate to the rejection of offers of testimony. The plaintiff had not been deprived of possession but the access to his property had been interfered with and he moved before the termination of his lease and during the course of the improvement. Proof of the cost of his fixtures was clearly inadmissible and on the proper test of the measure of damages, the difference in value of his leasehold estate before and after the change of grade, his witnesses were not qualified to testify. They had no special knowledge of the subject and what knowledge they had was obtained by an examination of the reports of road juries, and the awards made to tenants of other properties in the vicinity and their opinions were based wholly or in part on their knowledge of these awards. This would have been the use of the opinion of other persons in relation to other property.

The judgment is affirmed.